IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| J.D. RUSH, #215 989 | * | |
| Plaintiff, | * | |
| v. | * | 2:10-CV-850-ID |
| | | (WO) |
| LOUIS BOYD, *et al.*, | * | |
| Defendants. | * | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, a state inmate currently incarcerated at the Easterling Correctional Facility ["Easterling"], filed this *pro se* 42 U.S.C. § 1983 action on October 8, 2010. He brings this suit against Warden Louis Boyd, Sandra Hayes, and Sherry Seals seeking to challenge their actions with respect to his classification as a restricted offender. Plaintiff requests $5,000.00 in damages from each Defendant, a recommendation that Defendants remove him from a restricted offender classification, and transfer to another correctional facility. (*Doc. No. 1 at pgs. 2-4*.) Upon review of the complaint, as amended, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).[1]

---

[1] The court granted Plaintiff leave to proceed *in forma pauperis* in this cause of action. (*Doc. No. 3*.) A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

1. <u>Equal Protection</u>.  Plaintiff asserts that Defendants are denying him equal protection in violation of the Fourteenth Amendment.  Specifically, Plaintiff alleges that Defendants are discriminating against him because prisoners with convictions and prison records either similar to his or worse than his have been removed from restricted offender status while his requests for such treatment have been denied. (*Doc. Nos. 1, 6.*)

In order to establish a claim of discrimination cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006).  "[O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact.... [An allegation] of ... discriminatory intent or purpose [related to a constitutionally protected interest] is required to [set forth] a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977).

"'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences.  It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects

upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). In a case such as this one, where Plaintiff challenges actions of correctional officials, exceptionally clear proof of discrimination is required. *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Moreover, mere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty Company v. Strickland*, 830 F.2d 1107 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988); *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987) (claims of mere disparity of treatment are insufficient to establish discrimination).

Plaintiff fails to meet his pleading burden as he does not allege that Defendants subjected him to adverse treatment based on some constitutionally impermissible reason; rather, he simply makes the conclusory assertion that differential treatment resulted in an equal protection violation. Plaintiff's argument that some inmates with similar or worse convictions and/or records than his have been removed from restricted offender status as the basis for this claim entitles him to no relief. As explained, the law is well settled that the mere differential treatment of inmates fails to constitute a violation of the Equal Protection Clause. *E & T Realty Company*, 830 F.2d 1107.

Based on the foregoing, the court concludes that Plaintiff's claim of discrimination does not rise to the level of an equal protection violation, and therefore, provides no basis for relief in this 42 U.S.C. § 1983 action. Consequently, this claim is subject to dismissal

in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii).

2. <u>Due Process</u>.  To the extent Plaintiff complains the classification level assigned to him while at Easterling is improper, he is likewise entitled to no relief.  An inmate confined in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Because Plaintiff has no constitutionally protected interest in the level of his custody classification, correctional officials may assign him to any classification level without implicating the protections of due process.  Thus, any claim challenging the decision to classify Plaintiff as a restricted offender is due to be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed prior to service of process without prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before **December 16, 2010** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*)*, adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 2nd day of December, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE